THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTWANE J. RHODES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:15-cv-2756
Crim. No. 2:12-cr-00122
**JUDGE MICHAEL H. WATSON**
Magistrate Judge King

## OPINION AND ORDER

On March 14, 2017, the Magistrate Judge issued an Order and Report and Recommendation ("R&R"). ECF No. 114. In the R&R, the Magistrate Judge denied Petitioner's Motion to Reinstate Previously Filed Motions, ECF No. 112, and Petitioner's Motion for Discovery, ECF No. 98, and recommended that Petitioner's Motion to Vacate Under 28 U.S.C. § 2255, ECF No. 94, be denied and that this action be dismissed. *Id.* Petitioner objects to the R&R. Obj., ECF No. 117. Petitioner has also filed the following motions: Motion to Amend/Amplify 2255 Motion Pursuant to Rule 15(c) of F. R. CV. P., ECF No. 118; Amended Motion to Vacate under 28 U.S.C. § 2255, ECF No. 120; and Motion to Hold 2255 Abeyance and for Bail Pending Sixth Circuit's En Banc Turner Decision, ECF No. 119. Respondent opposed Petitioner's motions, Response in Opposition, ECF No. 125, and Petitioner replied in support, Reply to Government's Response to Objections to Magistrate R & R and to Amended 2255 Motion, ECF No. 126. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

For the reasons that follow, Petitioner's Objection, ECF No. 117, is **OVERRULED**. The Magistrate Judge's denial of Petitioner's Motion to Reinstate

Previously Filed Motions, ECF No. 112, and Motion for Discovery, ECF No. 98, are **AFFIRMED**. Petitioner's Rule 15 motion to amend the motion to vacate under § 2255 by the addition of new claims, ECF No. 118, and his request for release on bail, ECF No. 119, are **DENIED**. The R&R, ECF No. 114, is **ADOPTED** and **AFFIRMED**, except that Petitioner's request to stay the proceedings in regard to his claim that he was denied the effective assistance of counsel prior to the filing of the *Indictment* is **GRANTED**. All of Petitioner's remaining claims are **DISMISSED**.

## I. DISCUSSION

Petitioner challenges his criminal conviction, pursuant to the terms of a negotiated Plea Agreement, ECF No. 31, on charges of conspiracy to distribute and to possess with intent to distribute over 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846, and money laundering in violation of 18 U.S.C. § 1956(h). Petitioner alleges in his Motion to Vacate under 28 U.S.C. § 2255, ECF No. 94, *("Motion to Vacate")* that a confidential government informant unconstitutionally interfered with Petitioner's relationship with his then-attorney, Javier Armengau ("Attorney Armengau") (claim one); that he was denied a fair trial due to prosecutorial misconduct (claim two); and that his guilty plea was not knowing and voluntary because he entered it based on the ineffective assistance of counsel (claim three). The Magistrate Judge recommended dismissal of the foregoing claims as without merit or as waived by virtue of Petitioner's guilty plea. R&R, ECF No. 114. The Magistrate Judge also denied Petitioner's requests for discovery, for an evidentiary hearing, and for the appointment of a special prosecutor. *Id.* Petitioner objects to that recommendation and to the denial of his motions.

A brief summary is necessary. Prior to being indicted, Petitioner was represented by Attorney Armengau, an attorney who was subsequently convicted of unrelated criminal offenses and suspended from the practice of law. A different attorney, Attorney Rion, entered an appearance on behalf of Petitioner shortly after the return of the Indictment. ECF Nos, 11, 12. According to Petitioner, he was induced by an alleged government informant to enter into an attorney-client relationship with Attorney Armengau. In his first claim for relief, Petitioner alleges that Attorney Armengau helped the alleged informant provide the prosecution with false and incriminating information against him, thereby interfering with his Constitutional rights to counsel and against self-incrimination. The Magistrate Judge recommended that this claim be dismissed because it was waived by virtue of Petitioner's guilty plea, rejected by the United States Court of Appeals for the Sixth Circuit in Petitioner's direct appeal, and because controlling case law mandated dismissal. See R&R, ECF No. 114 PAGEID # 820–27 (citing the Sixth Circuit's holding in Turner v. United States, 848 F.3d 767, 77–72 (6th Cir. 2017) (holding that the right to counsel in plea negotiations attaches only after the filing of formal charges). R&R, ECF No. 114, PAGEID # 820–27.

Petitioner objects to the Magistrate Judge's conclusion that he waived any claim by virtue of his guilty plea. Petitioner contends that he knew nothing about the factual basis for his claims relating to Attorney Armengau prior to the Columbus Bar Association's June 13, 2014, Motion for Immediate Interim Remedial Suspension against Attorney Armengau, see Motion to Expand the Record, ECF No. 96-1, PAGEID # 577; he also contends that he did not know that the government had conveyed a potential plea offer before the return of the Indictment until he read the government's

response to his Motion to Vacate. Obj., ECF No. 117, PAGEID # 846. Petitioner maintains that, under these circumstances, the Court should impose a reduced sentence of 100 months' imprisonment or less, *i.e.*, a sentence similar to that obtained by others who, Petitioner alleges, cooperated with the government. Had Attorney Armengau properly advised him, Petitioner insists, he would have agreed to cooperate with the government prior to the filing of the Indictment and would have pleaded guilty, thereby securing the benefit of a reduced sentence. Reply, ECF No. 126, PAGEID # 912.

Petitioner also objects to the Magistrate Judge's denial of his request for an evidentiary hearing and discovery. Petitioner seeks an evidentiary hearing in order to establish that the alleged informant conveyed information to the government that was obtained during Petitioner's conversations with Attorney Armengau and that the alleged informant testified to those same matters during grand jury proceedings. Petitioner seeks production of all documents in the government's possession that relate to the alleged informant in order to support his claim that the government intentionally interfered with his attorney-client relationship. Petitioner objects to the Magistrate Judge's conclusion that he failed to establish "good cause" for these requests.

Finally, Petitioner requests a stay of these proceedings pending the anticipated *en banc* decision of the Sixth Circuit in *Turner v. United States*, No. 15-6060, 2017 WL 1359475 (6th Cir. April 13, 2017) (granting rehearing *en banc* and vacating the decision in *Turner*, 848 F.3d 767). Petitioner also seeks his release on bail pending that anticipated *en banc* decision. Mot., ECF No. 119.

## A. Motion for Stay

When recommending that Petitioner's claims be dismissed, the Magistrate Judge cited *Turner*, 848 F.3d at 770–72, for the proposition that the right to counsel in plea negotiations attaches only after the filing of formal charges. R&R, ECF. No 114, PAGEID # 823. After the Magistrate Judge issued that recommendation, the Sixth Circuit vacated the *Turner* decision and granted a rehearing *en banc*. 2017 WL 1359475 at *1. Petitioner now asks that these proceedings be stayed pending that anticipated *en banc* decision. Respondent opposes that request, arguing that the resolution of *Turner* will not impact this case. Resp., ECF No. 125, PAGEID # 900. Nevertheless, the Magistrate Judge expressly relied, at least in part, on the earlier decision in *Turner*. R&R, ECF No. 114, PAGE ID # 823.[1]

This Court concludes that the anticipated *en banc* decision in *Turner* may impact the resolution of Petitioner's claims. The *en banc* panel in *Turner* will address whether the Sixth Amendment right to the effective assistance of counsel attaches prior to the filing of a formal charge against a defendant. *Turner*, 848 F.3d at 768.

The petitioner in *Turner* was arrested by a joint federal-state anti-crime task force and, at the time he retained counsel, the State of Tennessee had formally charged him with aggravated robbery although no federal charges had been brought. *Id*. The Sixth Circuit explained that:

> [d]uring the pendency of the state proceedings, the United States Attorney's Office and Turner's attorney in the state proceeding discussed settlement regarding forthcoming federal charges arising out of the same conduct that led to

---

[1] Similarly, this Court previously denied on this same basis Petitioner's motion to compel the government to file a motion under 18 U.S.C. § 3553(e) in light of the alleged ineffective assistance of Attorney Armengau. Op. & Order, ECF No. 63 (under seal).

> the state charges. Turner rejected a federal plea offer regarding the as-yet uncharged federal case, but he subsequently pled guilty to the federal charges pursuant to a less-favorable plea agreement. He filed a motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his federal conviction based on ineffective assistance of counsel during plea negotiations concerning the federal charges. The government argued that because Turner had no Sixth Amendment right to counsel regarding plea negotiations conducted prior to the filing of formal charges against him, counsel could not be constitutionally ineffective. Following Sixth Circuit precedent holding that the Sixth Amendment right to counsel does not attach before formal charges are filed, the district court denied the motion without reaching the merits of the ineffective assistance of counsel claim.

*Id.* The original appellate panel in *Turner* affirmed the district court's decision, citing the Sixth Circuit's "bright-line rule" that the right to counsel in connection with plea negotiations attaches only after the filing of formal charges. *Id.* at 770–71 (citing *Kennedy v. United States*, 756 F.3d 492 (6th Cir. 2014); *United States v. Moody*, 206 F.3d 609 (6th Cir. 2000)).

Notwithstanding that holding, the Sixth Circuit panel noted that the petitioner in Turner had persuasively argued for an "implied exception to the bright-line rule that formal charges must be filed before the right to counsel attaches, at least where federal and state prosecutions are related." *Id.* at 772-73. Additionally, the Sixth Circuit stated:

> In adversarial plea negotiations like Turner's, a defendant's right to trial and to contest the sentence are often at stake. It makes plea negotiations a "critical stage" of the criminal process. Whether they occur before or after the filing of formal charges, it is undisputed that the plea negotiation process is adversarial by nature and the average defendant is ill equipped to navigate the process on his own. The current bright-line rule does not allow for the realities of present-day criminal prosecutions and their heavy reliance on plea bargaining. Defendants face an increasing number of federal-state prosecutions that blur the lines of demarcation on exactly when charges are filed for purposes

> of the Sixth Amendment right to counsel. Defendants also must navigate the complex web of federal sentencing guidelines, computations that confound even those who work with them often.

*Id.* at 773. On April 13, 2017, the Sixth Circuit vacated that original decision and granted Turner's request for rehearing *en banc*. *Turner*, 2017 WL 1359475, at *1.

The anticipated *en banc* decision in *Turner* may determine whether Petitioner can present an arguably meritorious claim that he was denied the effective assistance of counsel prior to the filing of the *Indictment*. That anticipated decision may also impact Petitioner's claims that he was denied the effective assistance of counsel prior to the filing of the *Indictment*, because Attorney Armengau allegedly failed to convey the government's plea offer[2] and suffered a conflict of interest based on his alleged

---

[2] Petitioner claims that he did not learn about the possibility of a pre-*Indictment* cooperation agreement until the government's December 15, 2015, *Response* in this case. Obj., ECF No. 117, PAGEID # 846. In view of the record, the Court is not convinced that Petitioner did not earlier learn about that possibility. On February 11, 2013, defense counsel filed a *Motion to Compel*, in which he specifically asserted the denial of the effective assistance of counsel based upon Attorney Armengau's alleged conflict of interest and inadequate representation prior to the filing of the *Indictment*. Mot., ECF No. 58 (under seal). On March 5, 2013, the Court denied that motion. Op. & Order, ECF No. 63 (under seal). Subsequently, on August 26, 2015—and months before the government filed its response to the *Motion to Vacate*—Petitioner filed a *Motion to Expand the Record*, ECF No. 96, in which he included an affidavit from the attorney who later represented him, indicating that, shortly after the filing of the *Indictment,* counsel contacted the U.S. Attorney, who informed him that Petitioner's options were limited based on his prior refusal to cooperate.

> It was clear that Mr. Armengau and the U.S. Attorney had engaged in substantive and meaningful negotiations prior to the indictment and that the pre-indictment phase was critical to Rhodes' case and the options he had for resolving the case;

> It is also clear that because Mr. Armengau and Mr. Rhodes declined to speak with agents during that time, Mr. Rhodes was significantly impaired in his ability to receive a lesser sentence.

simultaneous representation of the government's alleged confidential informant. According to Petitioner, Attorney Armengau told him only that he was facing minor tax problems and a "simple marijuana possession charge." Reply, ECF No. 111, PAGEID # 779. Had he been properly informed, Petitioner asserts, he would have accepted the government's plea offer and would have provided substantial assistance so as to obtain a significantly reduced sentence. *Id.*; Am. Mot., ECF No. 120, PAGEID # 868–69.

The record further reflects that, during the execution of a search warrant at Petitioner's residence in March 2011, agents advised Petitioner that he could cooperate in order to lessen the consequences of anticipated future charges. Resp., ECF No. 108, PAGEID # 758. Rhodes instead retained Attorney Armengau. *Id.*, PAGEID # 758–59. Over the ensuing several months, five co-conspirators entered into plea agreements with the government. *Id.*, PAGEID # 759. Attorney Armengau represented to the prosecutor that Petitioner had no interest in cooperating or pleading guilty. *Id.* The government never provided Attorney Armengau with any formal plea agreement but indicated "the basic parameters of any potential plea agreement (over 1000 kilograms of marijuana and a money laundering conspiracy)." *Id.* In March 2012, the prosecutor advised Armengau that Petitioner had until "March 30, 2012, to negotiate a resolution to this case or the investigation would go forward and seek and Indictment. When the deadline passed, the investigation went forward with the goal of indicting Rhodes and any remaining defendants." *Id.*

The Court concludes that, under these circumstances, the Sixth Circuit's anticipated *en banc* decision in *Turner* is likely to determine whether Petitioner has

---

*Affidavit of Jon Paul Rion*, ECF No. 96-8, PAGEID # 702.

raised allegations which, if true, may entitle him to relief. The Court therefore **GRANTS** Petitioner's request for a stay of proceedings, but only as it applies to his claim of denial of the effective assistance of counsel during pre-indictment plea negotiations. Petitioner's remaining claims are unaffected by the Sixth Circuit's anticipated *en banc* decision in *Turner*. As it applies to his remaining claims, then, Petitioner's request for a stay of proceedings is **DENIED.**

### B. Request for Release on Bail

Petitioner seeks his release on bail pending the anticipated *en banc* decision in *Turner*. Mot., ECF No. 119. In order to secure release on bail pending a decision on the merits of a § 2255 motion, a petitioner must show that: **(1)** the § 2255 motion presents substantial claim of law based on the facts surrounding the petition, and **(2)** circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964). The power to release a petitioner on bond should be exercised sparingly, however, and only under exceptional circumstances. *Id.* "There will be few occasions where a prisoner will meet this standard." *Id.; see also Wingo v. United States*, 341 F.Appx. 132, 135 (6th Cir. 2009). Because a habeas petitioner "is appealing a presumptively valid . . . conviction, . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Applying the test articulated in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor the existence of extraordinary or exceptional

circumstances warranting Petitioner's release on bond. To the contrary, Petitioner stands convicted on presumptively valid criminal convictions based on his *Plea Agreement*. The Sixth Circuit previously affirmed Petitioner's convictions and sentence and rejected his claim that Attorney Armengau suffered a conflict of interest because he was subject to pending criminal charges while he briefly represented Petitioner prior to the *Indictment*. "Attorney Armengau did not represent Rhodes at any critical stages of his criminal proceedings." *United States v. Rhodes*, No. 13-3417 (ECF No. 90, PAGEID# 486).

Petitioner's request for release on bail (ECF No. 119) is **DENIED**.

### C. Motion to Amend or Clarify

Petitioner's *Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 94, and a *Motion for Permission to File a Memorandum of Law in Support of the Filed 28 USC 2255 Motion*, ECF No. 95, were filed on August 26, 2015. As noted *supra*, Petitioner asserted three (3) claims in those filings: that the government's alleged confidential informant had interfered with his attorney-client relationship with Attorney Armengau, that the prosecutor had knowingly presented false evidence and violated the Rules of Professional Conduct, and that Petitioner's guilty plea was not knowing and voluntary due to the ineffective assistance of counsel. Petitioner also specifically alleged that Attorney Rion failed to investigate evidence that the government had obtained only two pounds of marijuana from Petitioner's home, suggesting that Petitioner played only a minor role in the offense, and that this alleged failure was critical in light of the fact that the only other evidence against him consisted of the testimony of convicted drug dealers. Mot., ECF No. 95 PAGEID # 557. Petitioner also complained that Attorney

Rion failed to challenge the validity of the government's affidavit of probable cause. *Id.*, PAGEID # 560. As discussed in the R&R, Petitioner also alleged (but offered no supporting evidence of) a conspiracy between Attorney Armengau and the alleged confidential informant to obtain evidence against Petitioner. In essence, Petitioner argued that Attorney Armengau's representation of the government's alleged confidential informant constituted an improper conflict of interest. Petitioner also alleged that Attorney Armengau had failed to convey the government's plea offer and that, as a result of Attorney Armengau's ineffective representation, Petitioner lost the opportunity to provide substantial assistance to the government and thereby obtain a reduced sentence.

Petitioner moves pursuant to Rule 15(c) of the Federal Rules of Civil Procedure ("Rule 15(c)") to amend his Motion to Vacate, ECF No. 94, in order to assert new claims. In these proposed new claims, Petitioner alleges that he was denied the effective assistance of counsel when his post-Indictment counsel, Attorney Rion, did the following: failed to challenge the charges against Petitioner as violative of Petitioner's right to due process during pre-indictment proceedings; improperly advised Petitioner to enter a guilty plea; failed to advise Petitioner that he could file a motion to withdraw his guilty plea based on Attorney Armengau's representation of the alleged confidential informant; and failed to object to the assessment of one criminal history point for Petitioner's conviction on disrupting public service. *See* Am. Mot., ECF No. 120; Mot., ECF No. 118.

A one-year statute of limitations applies to motions to vacate under § 2255. The statute provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered in this Court on April 1, 2013, Judgment, ECF No. 71. The Sixth Circuit affirmed that judgment on August 29, 2014. *United States of America v. Antwane J. Rhodes*, No 13-3417 (6th Cir. Aug. 29, 2014). Accordingly, Petitioner's judgment of conviction became final 90 days later, on November 28, 2014,[3] when the period of time in which he could have petitioned the United States Supreme Court for a writ of *certiorari* expired. *See Harris v. United States,* No. 16-3332, 2017 WL 1379472, at *2 (6th Cir. April 17, 2017) (quoting *Sanchez-Castellano v. United States*, 358 F. 3d 424, 427 (6th Cir. 2004)). The statute of limitations began running on December 1, 2014, and expired one year later, on December 1, 2015. Petitioner's motion to amend the motion to vacate in order to assert new claims was filed on April 27, 2017; his proposed amended motion to vacate was

---

[3] The 90th day, November 27, 2014, was Thanksgiving Day, a legal holiday; the next business day was November 28, 2014.

filed on May 11, 2017. See Mot., ECF No. 118; Am. Mot., ECF No. 120. Plainly, these new claims were first asserted long after the statute of limitations had already expired.

Attempts to raise new claims under Rule 15(c) are subject to this one-year statute of limitations. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Consequently, a Rule 15(c) motion filed after the one-year deadline will be denied unless the proposed amendments relate back to the date of the original pleading. *Id.* Claims that "assert[ ] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" do not relate back to the date of the original pleading pursuant to Rule 15(c). *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 662 (2005)). Only claims that are tied by "a common core of operative facts" to those raised in the initial and timely-filed § 2255 motion may be raised in an amended motion to vacate. *Purnell v. United States*, No. 2:07-cv-1050, 2009 WL 1605402, at *3 (S.D. Ohio June 4, 2009) (quoting *Mayle*, 545 U.S. at 662-63). "It is not sufficient that the amendments to a § 2255 motion 'simply . . . relate to the same trial, conviction, or sentence as a timely filed claim.'" *United States v. Smith*, Nos. 12-cr-20095, 15-cv-13814, 2017 WL 491837, at *2 (E.D. Mich. Jan. 8, 2016) (citing *Mayle,* 545 U.S. at 662)). "Amendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted." *Id* In particular, new claims of ineffective assistance of counsel do not relate back to timely-filed claims of ineffective assistance of counsel when the new claims are based on different sets of facts. *See Arrick v. United States*, Nos. 2:16-cv-00531, 2:14-cr-108(1), 2016 WL 5858945, at 3 (S.D. Ohio Oct. 7, 2016) (citations omitted).

Here, Petitioner's proposed three new claims (ineffective assistance rendered by Attorney Rion when he failed to challenge the charges as violative of Petitioner's right to due process during pre-indictment proceedings; advised Petitioner to enter a guilty plea; failed to advise Petitioner that he could move to withdraw his guilty plea; failing to object to the assessment of one criminal history point for a conviction for disrupting public) do not relate back to his initial and timely filed claims. All three new claims are based on different factual underpinnings. Moreover, the Sixth Circuit has already rejected Petitioner's claim that his prior conviction for disrupting public services should have been excluded from his criminal history score. *See United States v. Rhodes*, No. 13-3417 (6th Cir. Aug. 29, 2014), ECF No. 90, PAGEID # 483–84. Therefore, Petitioner's motion to amend his motion to vacate under § 2255 to include the foregoing claims is **DENIED**.

Any additional claims in Petitioner's amended motion to vacate assert allegations identical or similar to those previously raised by him. Thus, Petitioner's request for additional time to submit an amended § 2255 motion is **DENIED** as moot.

### D. Objections

In his objections to the Magistrate Judge's recommendation, Petitioner states that he wishes to withdraw any remaining claims not predicated on or related to Attorney Armengau's pre-indictment representation or relationship with the alleged confidential informant. Obj., ECF No. 117, PAGEID # 840. To the extent that Petitioner might have asserted additional objections to the Magistrate Judge's recommendation of dismissal, however, the Court concludes that, for the reasons detailed in the R&R, Petitioner's objections are without merit and are therefore **OVERRULED**. The record

fails to reflect either that an evidentiary hearing is required to resolve these claims, or that Petitioner has established good cause for his discovery requests. His allegation that the prosecutor acted improperly, or that the alleged confidential informant and Attorney Armengau perpetrated a fraud on the government by incriminating Petitioner as criminally responsible for the crimes, are entirely without support and refuted by Petitioner's sworn admission of guilt.

Petitioner's *Objection*, ECF No. 117, is **OVERRULED**. The Magistrate Judge's denial of Petitioner's *Motion to Reinstate Previously Filed Motions*, ECF No. 112, and *Motion for* Discovery, ECF No. 98, are **AFFIRMED**. Petitioner's motion to amend the motion to vacate under § 2255 by the addition of new claims, ECF No. 118 and request for release on bail, ECF No. 119, are **DENIED**. The R&R, ECF No. 114 is **ADOPTED** and **AFFIRMED**, except that Petitioner's request to stay the proceedings in regard to his claim that he was denied the effective assistance of counsel prior to the filing of the *Indictment* is **GRANTED**. All of Petitioner's remaining claims are **DISMISSED.**

## II.  Certificate of Appealability

Pursuant to the provisions of Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must now consider whether to issue a **certificate of appealability**. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When the Court dismisses a claim on procedural grounds, certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a **certificate of appealability** should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon a review of the record, the Court is not persuaded that reasonable jurists could debate whether Petitioner's prosecutorial misconduct and post-Indictment ineffective assistance of counsel claims should have been resolved differently. The Court therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**